Candy Store, Inc. and others are in discontent with the convenience of the preside, Mr. Harrington, for a motion to adjourn. I'd like to reserve three minutes for rebuttal. May it please the Court, my name is James Harrington. I represent the appellant, in this case Slep Tone Entertainment Corporation. I'd like to begin by addressing the issue that the panel requested additional argument on, which is essentially whether this court presently has jurisdiction to hear the appeal. The sequence of events here is that there was an entry of what I would refer to as a bare judgment. There was simply judgment entered for the defendants in this case without any findings. The plaintiffs filed a timely request for findings of fact and conclusions of law, and then a few days later after that, mostly precautionary to ensure that there was going to be review of the case below noted in appeal. Now there are, in my view, and based on the research that I've done, there are four points of law to think about here. One is, as we always start with the appellate rule, 4A, 4B states that a notice of appeal becomes effective upon entry of an order disposing of the last time-tolling motion that's still outstanding. And there is a time-tolling motion outstanding, our motion for findings of fact and conclusions of law. In Avery v. Nickel, and the cite on that is 208 Federal 3rd. 212, which is a decision of this court in 2000, a time-tolling motion renders the notice of appeal ineffective until disposal of that last motion. There's also Wycall, which this court noted in its request for additional argument. A timely notice becomes effective upon disposal. So that's the, we're not talking about an issue where this ought to be a dismissal of the appeal. Rather, perhaps we're here prematurely. And then the fourth point is the Patterson case that was also cited by the panel. And the key word in that case, I think, is suspense. Essentially, the filing of a proper motion for, under Rule 52, for findings of fact and conclusions of law, suspends the operation of the notice of appeal. Suspends the appeal until that's decided. So this is some conclusion of all these points, then, that this is a premature appeal that should be suspended until the district court rules on the still-pending motion in front of the district court. I think that that is probably one acceptable resolution to this, and I think that our side would have no objection to a remand. But what we would suggest, in the interest of the efficiency of this court, it's fairly clear that the district court has abdicated its role here in providing findings of fact and conclusions of law. So we'd like a remand with instructions to enter findings of fact and conclusions of law. One thing that I found quite curious is what was the district court's ruling, if any, on the role that this jury would play? So, specifically, I looked through the record as best as I could, and the only record evidence that I saw was a statement in the district court's judgment that referred to the rule in Federal Rules of Civil Procedure 39 on advisory juries. Did the district court ever make a ruling that the jury would be an advisory jury? I don't know that that was ever made express on the record. I think that there are two key points. First of all, there was a discussion in a pre-trial conference, a teleconference, that I don't know whether it was on the record or not. The judge in this case, after we pointed out that because there were no longer anything but equitable issues, impaling a jury would be inappropriate, no legal issues to consider. And the judge's response to that was, well, we've already called the jury, so we're going to go ahead and use them. Now, that's capable of being interpreted in many different ways. So you do not recall and cannot point to any written record that we could look at that would say, have the district judge saying, I am going to call this an advisory jury? Other than what you pointed out, the mention of Rule 39. Well, but he said that in the judgment as opposed to at the time. I'm trying to figure out whether at the time the district judge made any ruling that this would be an advisory jury, because presumably trial counsel would want to know what kind of a jury was being used. Was it being used as the decision maker, or was it being used as an advisory jury, such that the questions that could be given as interrogatories to the jury would be framed in a way of helping the district judge decide ultimately what are, you're saying, are only equitable issues involved in the case? To my mind, there wasn't any question that we were proceeding with this as an advisory jury. I think it would be an error of law and certainly a reversible error if the judge did, in fact, intend to empanel a jury, a non-advisory jury, a merits jury in this case, because it simply is not available under the Seventh Amendment. Now, even though this effort by the plaintiff to waive a jury and to proceed, I guess, only before the judge, was three or four days before the jury trial was scheduled to begin, isn't that a little late? Well, no, I don't think so, because I think removing issues from, excuse me, removing matters that would be before the court at a trial can be done at any point before the trial. So just like if we cared to dismiss this appeal, we could have dismissed it this morning and it would be done. Technically, we have to allow you to dismiss the appeal, but we generally do allow people to dismiss it. The point being, I think that, you know, regardless, we had a trial and we seemed all to be in agreement that this was an advisory jury. You know, the wisdom of that choice, I suppose, might be open to question to empanel an advisory jury in this case and then fail to use them. The reason for waiving or attempting to waive the jury trial was a tactical reason? Well, I think it was an issue of what our assessment of the evidence was going to show, and we believe that we were entitled to an injunction, and in our assessment, we did not have evidence to support damages, so we elected not to pursue damages. If we look at Judge Nugent's order, the judgment that went down, where he simply mentions that the matter came on for trial before a jury. He talks about a jury empaneled and sworn, and he goes through the process, and then he talks about their answers. So even though your motion says it was pursuant to an advisory jury, looking at the order, there's nothing in there that says advisory jury, so why wouldn't we just take the judgment and the language there and proceed based on that wording? I mean, I understand we still have the jurisdictional issue because there is that motion pending, but why wouldn't the language of his order, which simply talks about a jury? Now, I know you say it's error because you're only seeking equitable relief. Yes, well, I think the role of this court in its review of this case is certainly within its power to recognize that a jury trial in a case of only equitable issues is inappropriate. That's a matter of fairly close to black letter law. In that case, we would simply reverse it? Well, I don't know that you would. I don't know that this court, I think this court can vacate that judgment and order the judge to reconsider the issues as though it is a bench trial. There's a well-developed record, and to the extent that the judge intended that this be a jury trial, a binding jury trial, then that was erroneous and should be reversed. So what is the appropriate relief, as you see it, given where we are at this point, considering all of the issues that you've outlined? What's the appropriate relief, if we want to say? Well, I think from a jurisdictional standpoint at this point, the case needs to go back to the district judge in order to have the establishment of findings of fact and conclusions of law. I think we all can agree that this court's review of this case would be aided by a determination of exactly why this case was decided as it was decided. And frankly, I think that Sleptone, in this case, will profit by that review simply because the record in this case contains voluminous and substantial evidence that's largely uncontroverted that this is, in fact, trademark infringement, and that was proved. I don't think this court is quite ready to review that because of that issue, the jurisdictional issue. We'll dismiss the appeal on that ground, and the judge below undertakes that decision. Is there any chance this case may not come back up here, that you will be able to settle it, or that something will happen that will mean that we don't have an automatic appeal? Well, I mean, I can only state that my client would not appeal a favorable ruling, obviously. I don't know that settlement is a reasonably likely outcome. I would take just a bit of issue here. I don't think that dismissal of the appeal is appropriate because that would effectively end the appeal. Rather, there is a notice of appeal that will become effective if this case is remanded to the district court. And what we're asking for, essentially, is instructions to enter findings of fact and conclusions of law. And I think that regardless of whether this was a jury trial or an advisory jury with a bench trial, that this court's review would be aided by findings of fact and conclusions of law. And that is certainly a possibility regardless of the situation with the jury. And I see my time is up unless there are other questions. Thank you. Good morning, Your Honors. May it please the Court. I'd like to introduce my co-counsel, Adam Oakley. He's assisted in this case. We received your letter earlier this week regarding whether this case is ripe for decision, and we analyzed it to a certain extent. And I think we have an answer that is more satisfying to the defendants and maybe to the court in this case. And basically our answer is that the defendants don't have a proper Rule 52B motion pending. What they filed was styled as a request. It was a one-page cited Rule 54.1a saying that the court had to enter findings of fact and conclusions of law. It didn't provide any additional particularity regarding what was necessary for the court to do. They didn't propose findings of fact and conclusions of law. It was just basically a bare request. So do you analyze cases under Rule 52A and 52B the same, or is there a different standard of analysis? Your Honor, I don't know if I have the direct answer to that question because these rules, even though I've studied law for a little while, are confusing even to me. But Rule 4 in the appellate rules specifically refers to Rule 52B. It doesn't refer to a Rule 52.1a request. There's actually no such thing in the rules necessarily. Rule 52B is a request for amended findings of fact. As you mentioned earlier, that there is at some point some bare findings of fact. The plaintiff, in fact, this demonstrates how they treated this trial from the start, I think. By the fact that they didn't propose any findings of fact or conclusions of law, it essentially surrenders their request for relief to the good graces of the judge. He doesn't know what they want at this point. What kind of a jury was being used here? Judge Merritt, I think, pointed out a good point. The defense was proceeding under the impression that there was going to be a jury to try those factual matters. Trademark infringement, in many cases, many parts of it are mixed. That was when your opponents were claiming damages. That's correct. Mixed issue of law and fact. After the time, there was a trial order that was issued about a month before the trial was held. That trial order was with respect to a jury trial. It instructed both sides to propose jury instructions, interrogatories that they might want to do. At that point still, damages were being requested and it's obviously a jury right involved. That's correct. Defendants filed their trial brief. They filed proposed jury instructions. They filed proposed interrogatories. The plaintiff, on the other hand, just before that was due, filed the disclaimer of damages and says we don't need a jury and they didn't provide any proposed jury instructions. If it had been a bench trial only, there would be a different trial order. The judge has those trial orders available as example and it says you have to submit proposed findings of fact and conclusions of law. Was there any conference that's on the record where the district judge indicates now that the plaintiffs are not requesting damages, what kind of a jury the district judge was going to be using? I think I agree with Mr. Harrington that I'm not certain that any conference was on the record. Whether there was a record of it or not, I wasn't aware. I think it was a teleconference. The judge said we've got a jury coming. Whether it's an advisory jury or a trier of fact, we're going to use a jury. That's my recollection of what he said. I've looked, so I really am trying to have you all help me find something. I've looked and cannot find anything on the record that indicates the judge saying explicitly this is an advisory jury and I'm going to follow Rule 39 on advisory juries or not. The first thing that I could find was in the judgment where the district judge does say in the judgment which is Document 110, he says, a jury of 12 was duly impaneled and sworn pursuant to Federal Rule Civil Procedure 39C1. That is the judgment in the case after the jury came out with its answer to Interrogatory No. 1, which is the only interrogatory. Am I correct? I think you're correct. That's why we sent you the question, so that you both sides could tell us there's something else here that explains more what's going on. I agree with you that I don't believe there's anything on the record. He never told the jury they were an advisory jury. He never said explicitly this is an advisory jury, but he did say the jury has made this determination. I accept their decision. I took that acceptance of the decision as being I'm going to accept the factual findings of the advisory jury. Mr. Harrington had stated all along that it wasn't a fact-finding jury, but certainly the judge has latitude to use advisory juries. When the judge uses an advisory jury, does not the judge have the duty under the Federal Rules of Civil Procedure to make findings of fact and conclusions of law? I believe the judge does have a duty to make findings of fact and conclusions of law, either under whether it's a bench trial or if it's an advisory jury. The only time that the judge doesn't have that duty is if the jury is deciding everything, as a Seventh Amendment jury. I agree with you. Okay, so the district judge didn't do that here? I disagree with that point. Okay, where did he do it? The judge did what we asked him to do. Where are his findings of fact and conclusions of law? There are about seven pages of stipulated facts that were stipulated before the trial occurred, and the only finding of fact he has in the record is that the defendants do not infringe the plaintiff's trademarks. And that is taken from the interrogatory answer of the jury. And I don't mean to put words in your mouth, but it is the document labeled judgment, which is document 110, is the only arguable findings of fact and conclusions of law. If there is some other arguable place, please tell me where it is. Other than the stipulations, which I don't have the document number, but it's something like document 93 or something. But the stipulations are what you both agree to, so we wouldn't have any. I guess another way of phrasing my question is, is there any other issue that the district judge found facts on? And you're saying no. The only other thing I know in the record is they published the signed jury interrogatory, so that would be the only other thing. But that's the jury which he's interrogating? Right. So are you saying there are no other facts to find in this case? The defendants would, and I should mention that the plaintiffs have filed a lawsuit against one of the same defendants, Charles Polidori, on facts that were in existence before the trial and before the first summary judgment was issued. And we might be back here on issues regarding that case. So certainly specific findings of fact would have been useful to the defense. We did not ask for any additional findings of fact prior to the trial. And so in the case of a bench trial, the local rules require you to propose findings of fact, and we didn't do that. So our position with regards to the plaintiff is that they waived their right to any additional findings of fact because they simply didn't ask for anything, and Mr. Harrington admits that it's essentially a tactical question. He didn't want to try this before a jury. So if we employ the doctrine of waiver like estoppel, let us say, because this all took place so shortly before the trial was scheduled to begin, it would avoid the remand, do you think, of the case to the district court, and we could just go ahead and decide it on appeal? I think that's exactly what I'm saying, yes. So this is a kind of a waiver question, or you don't use the word estoppel, but it has some of that flavor. That's exactly the point I'm trying to make. The plaintiff has a responsibility, and the plaintiff decided not to exercise that right both before the trial by proposing findings of fact and after the trial when they filed a request for proposed findings of fact. You'll note in the record that the defendants didn't object to them requesting findings of fact, but we didn't respond to the motion because there was really nothing to respond to. I want to go back to that threshold issue. On this motion that's pending before the court for findings and conclusions, is it your contention that that does not deprive us of jurisdiction at this point? That's absolutely our contention. Our position is that is not a motion. If they wanted it to be a motion, they could have identified Rule 52B, they could have proposed findings of fact, they could have provided the court with particularity regarding what relief they wanted. Now I understand, and there's really no dispute,  that it's pretty liberally construed. But in this case, I think it's quite reasonable to look at that and say, if you wanted a motion that told the appeal, then you should have called it a motion. So labels matter? Well, not only does it not call it a motion, but it doesn't look like a motion either. So I don't know if it's just the label. So the document that we're talking about, just so we know, is document 111, which is plaintiff's request for entry of findings of fact and conclusions of law? That's correct. And they cite Rule 52A1, not a Rule 52B motion, which is the one which is cited in the appellate Rule 4. And I'll give you... So mislabeling the number of a rule and not labeling the document motion, but calling it request, take this case out of all of the cases that your opponent has cited, which, you know, we're bound to follow Sixth Circuit law, but you're saying these two features, calling it 52A1 instead of 52B and calling it request instead of motion, mean that we're outside those cases? I'm not that good of a lawyer to never make a mistake in labeling a law under the subparts of the rule, but I think you can look at what the plaintiff's intention was. If they intended it to be a motion, it should have been a motion that had the parts of a motion which the local rules would require. What relief do they want? When I look at that request, I don't see any specificity. They want findings of fact and conclusions of law. That's pretty clear. Okay. I understand. But what proposed findings of fact? You're right. He doesn't give what he wants. They basically lay this on the judge's feet and say, give us what we want. So why shouldn't the judge have to respond to this request and say this is not a motion and you're not giving me specific findings of fact, so I deny. And then we wouldn't have this issue at all. I cannot openly disagree with that assessment. We currently have a case in front of Judge Nugent, and I think certainly additional findings of fact would have been useful. But I think we come back to when we looked at Patterson v. Anderson, it doesn't necessarily change the judgment. You can hear whether the judgment is manifestly against the weight of the evidence. Maybe the plaintiff has the right to have additional findings of fact, which they should have asked for to begin with, but it doesn't necessarily have to disturb the judgment. We believe that the plaintiff had the opportunity to argue why the ruling of the court was clearly erroneous. There's plenty of evidence on the record, and I think one of the most important aspects of this case which the plaintiff sort of glosses over is that as a matter of law, there's a question about whether the acts they're complaining of, and this is why I mentioned the stipulations of fact, whether those stipulated facts could possibly be trademark infringement. The judge gave an instruction on non-fair use. He gave an instruction on first sale doctrine. The plaintiff didn't object to those. There was testimony about that from Mr. Slepp. There was argument on the part of the defendants. Just as a matter of law, the court could have found, no, this is not trademark infringement. Under Daystar, which is cited by the plaintiff, simply using something which is not protected by copyright or patent with its name that it originally had on it doesn't make it trademark infringement. I think in the end, this plaintiff who has sued more than a thousand defendants on this exact issue, we believe for those other defendants and defendants in the future, additional findings of fact would be useful, but it doesn't change the base law that the activity that the plaintiff is complaining about is not against the law. The jury found that they didn't show a likelihood of confusion and the plaintiff didn't ask for more than what they got. They wanted to get a finding of infringement. They didn't get the finding of infringement. I see my time is up. Thank you. As a trademark attorney, when I think about the list of actions that constitute trademark infringement, the one at the top of the list is making goods, applying someone else's trademark to them, and selling them, which is what the defendants in this case are accused of doing. I'm not going to try this case all over again up here. Right. And I'm not interested in trying this case. This case before us now, under your submission, is a case in equity. Right. That is correct. We can and should apply all the principles of equity across the board, I guess, to the claims here before us on appeal. I think you may be obliquely referring to estoppel and waiver when you say that. There are a lot of different equitable doctrines, and if it's an equity case before us, yes, that panoply would be before us. So I guess you would agree that we could apply those doctrines because it's now a case in equity before us. I don't think that that fundamentally changes the nature of this Court's review of the issue right now. The issue is whether the Court has jurisdiction over this case presently on the basis of the fact that there is a pending motion, and I would disagree with Mr. Oakley. We should get to the point that your opponent has raised, which is twofold. One is you didn't call it a motion, and secondly, you called Rule 52A.1 instead of 52B. How do you respond to those two things making it not a time-tolling motion? I think that our purpose in filing that document was to remind the Court of its obligation under Rule 52A.1 to enter findings of fact and conclusions of law. I think if you look at the text of Rule 52B, there was some question in our mind whether we even had the right to file a motion simply because that rule refers to the additional findings and amended findings, and we didn't have any findings to begin with. So that's why we couched that paper in terms of Rule 52A.1 because we believe we're entitled to that. Now, I think that if there's any lesson in the rules of civil procedure, it is that they are to be construed liberally in the interest of justice, and mere technicalities on issues like this, if the judge thinks that additional findings of fact could be found as a result of our request of that, then I think that qualifies as a Rule 52B motion. That document has never been responded to. Do you have a duty under the federal rules or under the local rules to propose findings of fact and conclusions of law in a bench trial or in an advisory jury trial? I find no authority for that, and specifically there was nothing in the trial order requiring us to do that. We would have been happy to submit proposed findings of fact and conclusions of law,  that I'm not asked to by the judge. Was that absence in the trial order because of the fact that it suddenly became a non-damages case because of your decision just a few days before trial? It's possible that that's why it was omitted from the trial order. I think, in fact, it's probable. Isn't it probable? Because if it were a jury trial, there wouldn't be a requirement of findings of fact and conclusions of law. I'm not sure, based on the instructions that were given to the jury, that that would really qualify as a proper set of instructions, but we didn't object because it was an advisory jury and it really didn't matter. But aside from that, Rule 52A1 requires the district judge to enter these findings of fact and conclusions of law, whether we propose them or not. We asked him to do so and he has not ruled on that motion yet. It's been 15 months since that motion was decided, and another motion, another post-judgment motion, was ruled on relatively quickly. I think the judge is not going to do it without instructions from this court to do so. Thank you. Thank you. Thank you both for your argument. The case will be submitted.